# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDEN EARL STARK,<br><br>    Petitioner,<br><br>v.<br><br>KIM HOLLAND, Warden,<br><br>    Respondent. | CASE NO. 1:15-CV-651-LJO-SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF THE PETITION |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The petition and answer are presently before the Court. Docs. 1, 12. For the following reasons, the Court recommends that the petition be denied.

**I.     BACKGROUND**

In May 2011 Petitioner's wife "A.S." asked Petitioner to leave their house and applied for a temporary restraining order against him.[1] The order was filed and served on petitioner. The order expired on June 13, 2011, when it was to be heard. At 2:30 am on June 11, 2011, A.S. was asleep in the bedroom. She testified that all the doors were locked and that she had the only set of keys. A.S. was startled awake when she felt someone grab her ankle and realized Petitioner was in the bedroom. She told him he should not be there because of the restraining order and asked what he wanted. A.S. testified that Petitioner was upset and angry and asked why she filed the restraining order. Petitioner said he loved her and missed her, but A.S. told him she was not ready and did not want to talk to him. A.S. told him she was going to call the police. She testified that Petitioner told

---

[1] This brief factual background is summarized from the California Court of Appeals opinion.

her that he would kill her and kill himself if she called the police "because he wanted to be with [her] no matter what." A.S. testified that she walked toward the bedroom door, and Petitioner stepped sideways toward it. He put his hand to try to stop her, but he did not touch her, and she walked around him. Petitioner then left through the front door. A.S. called the police. She testified that the encounter lasted five to ten minutes. A.S. testified that she believed he was capable of killing her and himself. She testified that he had attempted to kill her in the past but never reported these incidents to the police.

The jury convicted Petitioner of first degree burglary, criminal threats, dissuading a witness with threats of violence, and misdemeanor violation of a court order. He admitted three prior strike convictions and was sentenced to the third strike term of twenty-five years to life. On appeal, the People conceded that a concurrent term should be stayed and that the abstractions of judgment must be modified.

In this petition, Petitioner argues: 1) that the evidence was insufficient to support the burglary conviction; and 2) the trial court's denial of Petitioner's motion to strike a strike denied due process of law.

## II.     STANDARD OF REVIEW

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits'

1  in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v.*
2  *Richter*, 562 U.S. 86, 98 (2011).

3       The AEDPA standard is difficult to satisfy since even a strong case for relief does not
4  demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102.
5  "A federal habeas court may not issue the writ simply because the court concludes in its
6  independent judgment that the relevant state-court decision applied clearly established federal law
7  erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a
8  claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on
9  the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (*quoting Yarborough v.*
10 *Alvarado*, 541 U.S. 652, 664 (2004)). Put another way, a federal court may grant habeas relief
11 only when the state court's application of Supreme Court precedent was objectively unreasonable
12 and no fair-minded jurist could disagree that the state court's decision conflicted with Supreme
13 Court's precedent. *Williams*, 529 U.S. at 411.

14 **III.     SUFFICIENCY OF THE EVIDENCE**

15      Petitioner argues that the evidence was insufficient to find burglary because there was no
16 evidence that he intended to commit a crime at the time of entry. Petitioner argues that any threats
17 made or attempt to dissuade his wife from testifying at the TRO hearing were committed after he
18 spoke to her and heard her negative response. Prior to his entry, he did not know she would have a
19 negative response.

20      The Due Process Clause "protects the accused against conviction except upon proof
21 beyond a reasonable doubt of every fact necessary to constitute the crime with which he is
22 charged." *In re Winship*, 397 U.S. 358, 364 (1970). A state prisoner "who alleges that the evidence
23 in support of his state conviction cannot be fairly characterized as sufficient to have led a rational
24 trier of fact to find guilt beyond a reasonable doubt" may bring a federal habeas claim. *Jackson v.*
25 *Virginia*, 443 U.S. 307, 321 (1979). The district court habeas review "does not determine whether
26 it is satisfied that the evidence established guilt beyond a reasonable doubt," it determines only
27 "'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact
28 could have found the essential elements of the crime beyond a reasonable doubt.'" *Payne v. Borg*,

982 F.2d 335, 338 (9th Cir. 1992)(*quoting Jackson*, 443 U.S. at 319 (emphasis in *Jackson*)). The "only question" on federal habeas is review is whether the jury's finding "was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012).

Under California law, "Every person who enters any house […] with intent to commit grand or petit larceny or any felony is guilty of burglary." Cal. Pen. Code § 459. The prosecution must establish that the defendant entered the premises with the intent to commit a felony. *People v. Holt*, 15 Cal. 4th 619, 669 (1997). The requisite felonious intent is "rarely susceptible of direct proof and must usually may be inferred from all of the facts and circumstances." *Id*. (internal quotations omitted).

The California Court of Appeal, in a decision undisturbed by the California Supreme Court, found that the circumstantial evidence established that Petitioner entered the house and his wife's bedroom with the intent to commit the felonious offenses of criminal threats and dissuading a witness from testifying. Petitioner knew the hearing on the TRO was in two days, displayed anger and hostility toward A.S., woke her by grabbing her ankle, stood near the door to restrict her movement, and threatened to kill her and himself in order to dissuade her from calling the police and pursuing the court order. The Court of Appeal rejected Petitioner's arguments that he only entered the residence with the intent to discuss the restraining order with her and he hoped that she did not intend to testify at the hearing. Petitioner argues that his conduct was dependent on his wife's responses to his questions.

The Court agrees with the Court of Appeal's rejection of Petitioner's argument. The evidence shows that he entered the dwelling at 2:30 in the morning a few days before the hearing, woke her by grabbing her ankle, and angrily questioned her regarding the TRO. His wife reasonably responded by stating that she would call the police because Petitioner had snuck into her room at 2:30 in the morning in violation of a TRO, and that she did intend to pursue the restraining order by calling the police and by continuing to refuse contact with him. Petitioner could have reasonably anticipated her response considering his manner of approach. A rational trier of fact could infer, given the facts and circumstances, that Petitioner entered the house with the intent to dissuade her from testifying or threatening to kill her because she had refused and

continued to refuse to be with him. Thus, the Court of Appeals finding that there was substantial evidence that Petitioner entered with the house with intent to commit a felony therein was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

## IV. SENTENCING UNDER CALIFORNIA'S THREE STRIKES LAW

Petitioner argues that he was denied due process of law when the trial court denied his motion to have prior strikes stricken. Petitioner argues that the trial court incorrectly characterized Petitioner's background as indicating a willingness to violate the law, when it was actually due to drug and mental issues. The California Court of Appeal addressed the trial court's discretion in dismissing a prior strike and its decision not to dismiss any of Petitioner's prior strikes.

California's Three Strikes law provides for increased prison terms of repeat felons. Cal. Pen. Code § 667; *and People v. Superior Court (Romero)*, 13 Cal. 4th 497, 504 (1996). The Three Strikes law establishes a sentencing requirement in every case in which the defendant has at least one qualifying strike. *People v. Carmony*, 92 P.3d 369, 375 (2004). However, a sentencing court may find an exception to the scheme and strike a prior felony when it finds, for articulable reasons in consideration of "the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects," the defendant may be deemed "outside the scheme's spirit." *Id*. at 376.

California's Three Strikes law arises under California law. *See* Cal. Pen. Code § 667; *and People v. Superior Court (Romero)*, 13 Cal. 4th 497, 504 (1996). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "Indeed, if the state court failed to comply with California law, such failure would not justify habeas relief." *Leon v. Cate*, 617 Fed. Appx. 783, 784 (9th Cir. 2015). Thus, a judge's discretion not to count prior qualifying offenses as strikes is a state law claim not cognizable on federal habeas review. *Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002). State law errors can only warrant habeas relief if the error "so infused the trial with unfairness as to deny due process." *Estelle*, 502 U.S. at 75.

Here, the trial court considered the factors relevant to striking a prior felony under California law. Although the prior felony convictions were somewhat remote in time, the trial

court chose not to exercise its discretion to strike any prior felonies based on the nature of the present and prior felonies and Petitioner's ongoing dismissive attitude towards the law. Petitioner has not alleged or demonstrated that the trial court's denial of his motion to strike prior strikes rendered the trial fundamentally unfair in violation of due process. Thus, it is not within the district court's province to reexamine the trial court's determination of California law.

## V. APPEALABILITY

For the reasons set forth above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hence, the Court should decline to issue a certificate of appealability.

## VI. RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that:

1. The petition for writ of habeas corpus be DENIED;

2. Judgment be ENTERED for Respondent; and

3. The Court DECLINE to issue a certificate of appealability.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 13, 2016**                     **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE